UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD BOOKER, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 3:24-cv-02410-GCS |
| T. LILLARD, | ) |
| Respondent. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

On October 31, 2024, Petitioner Edward Booker filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. (Doc. 1). Now before the Court is Respondent T. Lillard's Motion to Dismiss the Petition as Moot. (Doc. 17). Mr. Booker responded in opposition to the motion on March 26, 2025. (Doc. 19). For the reasons stated below, the motion to dismiss as moot is **DENIED**.

BACKGROUND AND DISCUSSION

At the time Mr. Booker filed the petition, he was incarcerated at Federal Correctional Institution, Greenville. (Doc. 1). Mr. Booker sought the application of credits to his sentence under the First Step Act of 2018, 18 U.S.C. § 3632, and the Second Chance Act, 18 U.S.C. § 3624(c). *Id.* Due to these credits, he argued he was qualified for immediate placement in a Residential Reentry Center ("RRC"). *Id.*

However, on February 13, 2025, Mr. Booker was transferred to an RRC within the Kansas City Residential Reentry Management office. (Doc. 17-1, p. 2). Then, on April 17,

2025, after receiving an executive grant of clemency, Mr. Booker was released from the custody of the Bureau of Prisons ("BOP"). *See* BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/(last visited July 14, 2025). He is now serving a six-year term of supervised release. *See generally United States v. Booker*, Case No. 3:07-cr-00625-SHL-SBJ-1 (S.D. Iowa).

As Mr. Booker was placed in an RRC after filing his petition, Respondent argues that Mr. Booker's petition should be dismissed as moot. (Doc. 17). In response, Mr. Booker acknowledges that he has received some of the relief requested in his petition: placement in an RRC. (Doc. 19, p. 1). Nevertheless, Mr. Booker argues that his petition is not moot because the BOP failed to credit him for 120 days under the First Step Act related to his participation in Building Maintenance prior to his release to an RRC. *Id.*

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). However, "[t]he heavy burden of demonstrating mootness lies with the party asserting it." *Pope v. Perdue*, 889 F.3d 410, 414 (7th Cir. 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Here, Respondent has failed to meet that burden.

Mr. Booker specified in his petition that his request for relief "inc[l]ude[s] him being transferred to an RRC[.]" (Doc. 1, p. 4). But that was not his sole request for relief. He also requests "all applicable time earned" under the Second Chance Act and First Step Act. *Id.* He reiterated this request in his response to the motion to dismiss, asking that the Court "calculate and apply earned time credit toward supervised release as determined

under section 3624(g)." (Doc. 19, p. 3). "When a former inmate still serving a term of supervised release challenges the length or computation of his sentence, his case is not moot so long as he could obtain 'any potential benefit' from a favorable decision." *Pope*, 889 F.3d at 414 (citing *United States v. Trotter*, 270 F.3d 1150, 1152 (7th Cir. 2001)). *See also Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997) (finding that the fact of a petitioner's release did not automatically moot the § 2241 petition). Without commenting on the merits of Mr. Booker's claims, it is not readily apparent to the Court that Mr. Booker could not obtain any potential benefit if his petition were to be granted. Accordingly, his petition is not moot.

## CONCLUSION

For the above-stated reasons, Respondent T. Lillard's Motion to Dismiss as Moot (Doc. 17) is **DENIED**. Respondent T. Lillard is **ORDERED** to file a Response to the Petition (Doc. 1) within 60 days of the issuance of this Order.

**IT IS SO ORDERED.**

**DATED: July 17, 2025.**

Digitally signed by Judge Sison
Date: 2025.07.17 12:55:15 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**